```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SOLOMON ABRAHAMS,

                          Plaintiff,

-against-

THE APPELLATE DIVISION OF THE
SUPREME COURT, SECOND JUDICIAL             REPORT AND
DEPARTMENT, GAIL PRUDENTI,                 RECOMMENDATION
Individually, a Justice of the Appellate
Division, Second Judicial Department,      05 Civ. 4053 (SCR) (GAY)
DAVID RITTER, Individually, a Justice of
the Appellate Division, Second Judicial
Department, FRANK SANTUCCI,
Individually, a Justice of the Appellate
Division, Second Judicial Department,
ROBERT SCHMIDT, Individually, a Justice
of the Appellate Division, Second Judicial
Department, and JAMES E. PELZER,
Individually, the Clerk of the Appellate
Division, Second Judicial Department.

                          Defendants.
------------------------------------------------------------X
```

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff Solomon Abrahams, appearing *pro se*[1], commenced this action against the New York State Appellate Division of the Supreme Court, Second Department, ("Appellate Division") and Judge Gail Prudenti, Judge David Ritter, Judge Frank Santucci, Judge Robert Schmidt and Clerk James E. Pelzer in their individual capacities. (Am. Compl. ¶¶ 5-6.) Plaintiff claims that his cause of action arises pursuant to the Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States, Title 42 U.S.C. § 1983 and 18 U.S.C. § 1367[2]. (Am. Compl. ¶ 1.)

---

1 Plaintiff is an attorney admitted in the State of New York since 1950. (Am.Compl. ¶7.)
2 The Court assumes plaintiff intended to allege 28 U.S.C. § 1367 (supplemental jurisdiction).

1

Plaintiff seeks fifteen million dollars in compensatory damages and ten million in punitive damages[3]. Presently before this Court is defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

For the reasons set forth below, I respectfully recommend that defendants' motion to dismiss be granted and plaintiff's claims be dismissed.

## BACKGROUND

This case arises from two court sanctions against plaintiff which led to his law license suspension. First, on September 14, 1999 the Westchester County Supreme Court issued a sanction order directing plaintiff to pay $4,500 by October 1, 1999 to the New York State Client Protection Fund for engaging in frivolous conduct. Said Court found that plaintiff violated pretrial discovery orders and engaged in frivolous motion practice. Caiola v. AllCity Ins. Co., No. 8095/99, 2002 WL 1448855, at *4 (N.Y.Sup. Jun 10, 2002) (hereinafter referred to as the "Caiola Sanction Order"). Plaintiff has not complied with this sanction.

Second, on July 10, 2001 the Westchester County Supreme Court issued another sanction directing plaintiff to pay $3,500 by July 30, 2001 to the Client Protection Fund for engaging in frivolous motion practice. Matter of Marshall Weinerman (dissolution of Parkside Limited Liability Company); Caiola, 2002 WL 1448855, at *5 (hereinafter referred to as the "Weinerman Sanction Order"). Plaintiff has not complied with this sanction either. Plaintiff filed a "Motion for Leave to

---

3 Plaintiff's Amended Complaint does not seek declaratory relief.

2

Reappeal" to the New York State Appellate Division of the Supreme Court, Second Judicial Department. Said Court deemed it a motion to amend the notice of appeal and for reargument of the appeal of the Caiola Sanction Order. Caiola, 2002 WL 1448855, at *8. The Appellate Division denied this motion. Id.

One of plaintiff's objections to the sanctions was that the court did not have the authority to sanction him when such relief was not sought by defendant in the Caiola case. However, 22 NYCRR § 130-1.1(d) permits a court to impose sanctions upon motion by a party or upon the court's own initiative. Also, under New York Judiciary Law § 750, a New York State Supreme Court justice may "institute criminal contempt proceedings against a party who disobeys its mandate..." See also Abrahams v. DiBlasi, No. 02 cv. 8519, 2003 WL 1846305 (S.D.N.Y. April 08, 2003) (plaintiff Solomon Abrahams sued state court judge who initiated criminal contempt proceedings against him; judge was dismissed from case on the grounds of judicial immunity and Rooker-Feldman Doctrine).

On January 2, 2002, the Westchester County Supreme Court issued an order to show cause directing plaintiff to appear before it to "show cause why he should not be adjudicated guilty of criminal contempt for willfully violating this court's written orders directing him to pay sanctions…as imposed against him." Id. at *11-12. Plaintiff finally appeared before the court on May 21, 2002. Id. at *18. Plaintiff exercised his right to remain silent. Id. On that date, the court adjudicated plaintiff guilty of criminal contempt but reserved decision on the sentence to be imposed. Id. On June 10, 2002, the Westchester County Supreme Court issued a written decision ordering plaintiff to pay $2,000 in fines as his sentence for the contempt conviction. Id. at *47. On plaintiff's appeal of the contempt sentence, the Appellate Division held that the Supreme Court's

3

failure to personally serve counsel with the order to show cause was a jurisdictional defect warranting dismissal without prejudice of the contempt proceeding. Caiola v. AllCity Ins. Co., 305 A.D.2d 350, 758 N.Y.S.2d 683 (2003).

After the May 21, 2002 court appearance, plaintiff notified the Appellate Division of his Supreme Court contempt conviction pursuant to New York Judiciary Law § 90(4)(c). See Ghartey Dec., Exh B. On October 16, 2002, the Appellate Division issued an interim order suspending plaintiff's law license pursuant to New York Judiciary Law § 90(4)(f) stating that an "attorney … shall be suspended upon the receipt by the appellate division of the supreme court of the record of … conviction until a final order is made." The interim suspension order was in place for 14 months pending final disciplinary proceedings by the Grievance Committee. (Pl.'s Decl. Exh B). Plaintiff contends that a judicial tribunal in the Appellate Division unlawfully convened to issue the interim order suspending his law license. (Am. Compl. ¶ 1.) Plaintiff's motion to vacate the interim suspension order was denied by the Appellate Division. In re Abrahams, 2003 WL 23100117 (N.Y.A.D. 2 Dept. Dec. 29, 2003). Subsequently, the Appellate Division granted plaintiff a hearing on the underlying disciplinary actions.

The Appellate Division adopting the findings of the Grievance Committee sustained twelve counts of professional misconduct. In re Abrahams, 5 A.D.3d 21, 27, 770 N.Y.S.2d 369, 374 (2003). The Appellate Division, "under the totality of the circumstances" suspended plaintiff's law license for five years excluding the fourteen month interim suspension period. Id. The court went on to say that plaintiff "has engaged in a pattern and practice of frivolous conduct, disregarding court orders and judgments, and providing misleading information to tribunals" and that plaintiff's "misconduct indicates a disrespect for the courts and the judicial process." Id.

The Appellate Division ordered that plaintiff's suspension continue until further order of the court. Plaintiff was given leave to reapply no sooner than six months upon proof that plaintiff (a) refrained from practicing or attempting to practice law, (b) fully complied with the order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys and (c) otherwise properly conducted himself. Id. Finally, on June 24, 2004 the New York Court of Appeals denied plaintiff's motion for leave to appeal. In re Abrahams, 3 N.Y.3d 601, 816 N.E.2d 194, 782 N.Y.S.2d 404 (June 24, 2004).

Plaintiff filed this civil action in federal court on April 22, 2005. Plaintiff asserts that the Appellate Division lacked the subject matter jurisdiction to issue the interim suspension order pursuant to N.Y. Judiciary Law §§ 90(4)(d) and (f); that the order was not preceded by an application from the Grievance Committee pursuant to 22 N.Y.C.R.R. § 691.7; and that the order awarding sanctions for frivolous conduct was erroneous in that it was not in the form of a money judgment. Plaintiff contends that as a result of the defendants' actions, he has been denied due process of law, equal protection of the laws, has been subjected to cruel and unusual punishment, and has been subjected to an unlawful seizure of his license to practice law. (Am. Compl. ¶ 30.)

Defendants now move to dismiss the entire action pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the grounds that: (a) this court lacks subject matter jurisdiction over plaintiff's claims pursuant to the Rooker-Feldman doctrine and the Eleventh Amendment of the U.S. Constitution; (b) plaintiff's claims are barred by the doctrine of absolute judicial immunity; (c) plaintiff's claims are barred in whole or part, by the doctrine of Younger abstention; and (d) plaintiff's claims are

5

insufficient to state a claim against James E. Pelzer pursuant to 42 U.S.C. § 1983. (Def.'s Mem. Supp. Mot. Dismiss, 2).

## DISCUSSION

I. Motion to Dismiss Standard

For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). For dismissals under Rule 12(b)(6), the task of a court "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). In doing so, the Court "must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and must accept as true all the factual allegations in the complaint." Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996) (quoting Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993)) (citations omitted). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir.2002). The Court must deny a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

When presented with a Rule 12(b)(1) motion along with other motions to dismiss, the court must decide the Rule 12(b)(1) motion first. See Rhulen Agency, Inc. v.

Alabama Ins. Guaranty Ass'n, 896 F.2d 674, 678 (2d Cir.1990) (noting that "where ... the defendant moves for dismissal under Rule 12(b)(1), ..., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first, since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot") (internal citations and quotations omitted). Accordingly, defendants' Rule 12(b)(1) motion will be discussed first and if necessary, defendants' Rule 12(b)(6) motion will be discussed.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002). "Thus, the standard used to evaluate a Rule 12(b)(1) claim is akin to that for summary judgment under Fed. R. Civ. P. 56(e)." Serrano v. 900 5th Avenue Corp., 4 F.Supp.2d 315, 316 (S.D.N.Y.1998). In this case, plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996).

Courts also must normally construe *pro se* complaints liberally, Lerman v. Bd. of Elections in City of New York, 232 F.3d 135, 140 (2d Cir.2000), but practicing attorneys who choose to represent themselves cannot claim the special considerations normally afforded to pro se litigants. Harbulak v. Suffolk County, 654 F.2d 194, 198 (2d Cir.1981). A litigant's *pro se* status does not exempt him from compliance with the relevant rules of

procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983).

II. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine bars suits against all defendants in this matter. A federal district court is precluded from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority. District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311 (1983). The Supreme Court has exclusive jurisdiction to reverse or modify a state court judgment. 28 U.S.C.A. § 1257.

This doctrine prohibits federal courts from reviewing state court proceedings or entertain claims "inextricably intertwined" with claims addressed by the state courts. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923); Feldman, 460 U.S. at 476. Plaintiff's claims are "inextricably intertwined" with his state court claims because plaintiff is asking this court to assume appellate jurisdiction and seeks to overrule the state court judgment. The Rooker-Feldman Doctrine precludes "a party losing in state court ... from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654 (1994). The Rooker-Feldman doctrine applies even to interlocutory state courts orders. Campbell v. Greisberger, 80 F.3d 703, 707 (2d Cir.1996). A "plaintiff cannot evade Rooker-Feldman by casting his claim in the guise of a federal civil rights violation." See Kashelkar v. MacCartney, 79 F.Supp.2d 370, 373 (S.D.N.Y.1999), aff'd, 234 F.3d 1262 (2d Cir.2000)

Accordingly, I respectfully recommend that defendants' motion be granted and

plaintiff's claims against all defendants be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine.

III. Eleventh Amendment

    A. Appellate Division

Plaintiff seeks monetary damages from the Appellate Division. The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Amendment has subsequently been interpreted by the Supreme Court to extend to suits brought by any person against any state in federal court. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104 (1984); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Mancuso v. New York State Thruway Auth., 86 F.3d 289 (2d Cir. 1996). The party wishing to assert Eleventh Amendment immunity "bears the burden of proving its applicability." Christy v. Pennsylvania Turnpike Comm., 54 F.3d 1140, 1144 (3d Cir. 1995). Here, defendants bear the burden.

Unless a state consents to suit, the Eleventh Amendment bars suits brought against it in federal court by its own citizens. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996). New York State has not consented to suit in federal court. Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977). Nor does Section 1983 [42 U.S.C. § 1983] abrogate New York State's immunity from suit. See Quern v. Jordan, 440 U.S. 332, 343-45 (1979). A suit against a state court, such as the Appellate Division named as defendants in this matter, is considered to be a suit against

the state, and is therefore also prohibited by the Eleventh Amendment when the state is the real party in interest. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989).

Pursuant to the Eleventh Amendment, this court lacks subject matter jurisdiction over claims against the Appellate Division. Accordingly, I respectfully recommend that plaintiff's claims against the Appellate Division be dismissed.

B. Defendants Prudenti, Rittter, Santucci, Schnidt and Pelzer

Plaintiff sues defendants Prudenti, Rittter, Santucci, Schnidt and Pelzer in their individual capacities. (Am. Compl. ¶ 5-6.) The Eleventh Amendment does not bar suits against state officials sued in their individual capacities. See Hafer v. Melo, 502 U.S. 21, 27-31 (1991). Section 1983 actions against state officials in their personal capacity alleging violations of federal constitutional rights are not considered actions against a state, because as a matter of law, acts performed by state officials that violate federal law cannot be authorized by the state. See Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 102 (1984) (citing Ex parte Young, 209 U.S. 123, 160 (1908)). As such, the Eleventh Amendment would not apply to the individual defendants.

IV. Absolute Judicial Immunity

A judge is entitled to judicial immunity from liability for damages under § 1983 for actions performed in his judicial capacity. See Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir. 1997). While the Eleventh Amendment does not extend to judicial officers' acts in their individual capacity, "it is ... well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity

acts as a complete shield to claims for money damages." Montero v. Travis, 171 F.3d 757, 760 (2d Cir.1999) (citations omitted). In addition, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990). To determine whether a judge acted in the clear absence of jurisdiction, the court examines (1) whether a reasonable judge would have thought the action was proper; and (2) whether the judge knew or should have known of his own jurisdiction. See Tucker, 118 F.3d at 933.

Here, judicial immunity bars this action against defendants in their individual capacities. First, defendants acted in their judicial capacity when they issued the interim order suspending plaintiff's law license on May 21, 2002 and later the decision to suspend plaintiff's license for 5 years on December 28, 2003. The separate sanctions that led to the contempt convictions, the interim suspension order and the final suspension order were executed following the procedures set forth in the laws of the United States. See N.Y. Jud. L § 90 (2), (4); 22 N.Y.C.R.R. § 691.7; 22 N.Y.C.R.R § 130-1.2. Reasonable judges in a similar situation would have thought the actions proper.

Second, defendants did not act in clear absence of all jurisdiction; the judges were acting within the law. Although plaintiff asserts that the Appellate Division lacked the subject matter jurisdiction to issue an interim suspension, the Appellate Division of the Supreme Court is authorized to "suspend from practice" attorneys who are guilty of professional misconduct including the "serious crime" of criminal contempt of court. N.Y. Jud. L. § 90 (2). Plaintiff's interim suspension arose from his contempt convictions

11

in the Caiola and Weinerman matters. As already noted, the Appellate Division found that plaintiff "has engaged in a pattern and practice of frivolous conduct, disregarding court orders and judgments, and providing misleading information to tribunals." In re Abrahams, 5 A.D.3d, at 27. Moreover, New York State's highest court, the Court of Appeals, denied plaintiff's request to appeal. In re Abrahams, 3 N.Y.3d 601(2004). Defendants are entitled to absolute judicial immunity for their actions. Accordingly, I respectfully recommend that plaintiff's claim against defendants in their individual capacities be dismissed.

V. Defendant Pelzer

Plaintiff fails to state a claim under 42 U.S.C § 1983 against James Pelzer, Clerk of the Court, Appellate Division. Plaintiff's pleadings do not allege the required personal involvement by Pelzer in any constitutional deprivation. Plaintiff merely names Pelzer as a defendant but does not make any further assertions against him. Accordingly, I respectfully recommend that plaintiff's claims against Pelzer be dismissed for failure to state a claim under 42 U.S.C § 1983.

VI. Younger Abstention

Younger abstention generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. Younger v Harris, 401 U.S. 37, 91 S.Ct. 746 (1971). Defendants claim that "abstention principles enunciated in Younger, also require dismissal of plaintiff's claim for declaratory relief because, at the time this action was commenced, plaintiff was a party to an ongoing state court proceeding that involved a matter of

significant local concern, namely, his attorney disciplinary proceeding, which is pending in the Appellate Division, a forum that is capable of hearing and deciding plaintiff's purported federal claims." (Def.'s Mem. Supp. Mot. Dismiss, 21).

Younger abstention is inappropriate where the § 1983 plaintiff is seeking money damages, as is plaintiff in this matter. See Rivers v. McLeod, 252 F.3d 99, 101-02 (2d Cir. 2001). Accordingly, I respectfully recommend that defendants' motion to dismiss pursuant to the Younger abstention doctrine be denied.

## VII. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction, a district court has "considerable discretion over what state law claims it will include within its supplemental jurisdiction in a particular case." Yaba v. Cadwalader, Wickersham & Taft, 931 F.Supp. 271, 275 (S.D.N.Y.1996) (quoting Cushing v. Moore, 970 F.2d 1103, 1110 (2d Cir.1992)). Accordingly, I respectfully recommend that this court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

## CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that defendants' motions to dismiss should be granted as to all defendants. Plaintiff's claims against the Appellate Division and the individual defendants should be dismissed with prejudice.

claims against the Appellate Division and the individual defendants should be dismissed with prejudice.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed.R.Civ.P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed.R.Civ.P. 6(e), or a total of thirteen (13) working days (see Fed.R.Civ.P. 6(a)), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen Robinson, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: March 16, 2006
       White Plains, New York

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE

Copies of this Report and Recommendation have been sent to the following:

The Honorable Stephen C. Robinson

Solomon Abrahams, *Pro Se*

Lisa Ghartey, Esq., Assistant Attorney General